IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel L. Staley, #273165, <br> aka Daniel Levern Staley, <br><br> Plaintiff, <br><br> vs. <br><br> David C. Norton, Mr. John Doe United States District Judge, <br><br> Defendant. | C.A. #9:07-0288-PMD <br><br><br><br> **ORDER** |

This matter is before the court upon the magistrate judge's recommendation that this action be dismissed. The plaintiff filed this § 1983 complaint on January 30, 2007. Because plaintiff is proceeding pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2] Plaintiff filed timely

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02 (DSC)., the magistrate judge is authorized to review all pretrial matters in such *pro se* cases, and submit findings and recommendations to this Court.

[2] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate

objections to the magistrate judge's report on February 8, 2007.

A review of the plaintiff's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this order.

Plaintiff's objections fail to directly address the magistrate judge's report. Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, this court agrees with the magistrate judge, and

**IT IS HEREWITH ORDERED** that the Complaint in this action is dismissed without prejudice and without issuance and service of process.

**FURTHER ORDERED**, for the reasons above and those articulated in the magistrate judge's report and recommendation that the judgment in this action is deemed a "strike" under 28 U.S.C. § 1915(e)(2) and (g).

---

judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

March 2, 2007
Charleston, South Carolina

**NOTICE OF APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.